# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-cv-2813<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel

compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions

of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant

to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.       Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.       Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of itself and several other DOJ components including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), and the Office of Legislative Affairs (OLA). DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*First White House Oversight Communications FOIA*

7.       On June 24, 2019, American Oversight submitted a FOIA request to DOJ seeking the following:

> All records reflecting communications (including emails, email
> attachments, text messages, messages on messaging platforms (such

as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, handwritten or electronic summaries of any oral communications, or other materials) between (a) political appointees*[1] in the Department of Justice (DOJ) Office of the Attorney General, Office of the Deputy Attorney General, and the Office of Legislative Affairs and (b) any of the White House Counsel staff listed below regarding congressional oversight of the executive branch—including both specific congressional oversight of specific matters and general policies, concerns, and considerations related to congressional oversight of the executive branch.

8.     The request listed 48 White House staffers[2] identified based on publicly available information.

9.     American Oversight requested all responsive records from September 1, 2018, through the date of the search.

10.    By letter dated July 22, 2019, DOJ acknowledged the First White House Oversight Communications FOIA and assigned the FOIA tracking number DOJ-2019-005528.

---

[1] In each of American Oversight's requests "political appointees" was defined to include "any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments."

[2] The request identified the following individuals: 1) Don McGahn, 2) Pat Cipollone, 3) Stacy Amin, 4) Omeed Assefi, 5) Sue Bai, 6) Trent Benishek, 7) Ryan Brady, 8) Joseph Clark, 9) Devin DeBacker, 10) Uttam Dhillon, 11) Jennifer Dickey, 12) George "Jed" Doty, 13) Anne Donaldson, 14) John Eisenberg, 15) Michael Ellis, 16) Deirdre Eliot, 17) Dan Epstein, 18) Emmett Flood, 19) Joe Gammello, 20) Kevin Garvey, 21) Scott Gast, 22) Scott Glabe, 23) Chris Greico, 24) Mark Grider, 25) Steven Groves, 26) Eric Hamilton, 27) Tara Helfman, 28) David Jones, 29) Dino LaVerghetta, 30) Will Levi, 31) Robert Luther, 32) Jon "Tyler" McGaughey, 33) Steven Menashi, 34) Chad Mizelle, 35)  John Moran, 36) David Morrell, 37) Claire Murray, 38) Brian Nieves, 39) Kevin O'Scannlain, 40) Stefan Passantino, 41) Patrick Philben, 42) Bethany Pickett, 43) Sam Ramer, 44) Sean Sandoloski, 45) Schuyler Schouten, 46) Kathryn Comerford Todd, 47) Michael Velchik, and 48) John Walk.

11.     American Oversight has received no further communication from DOJ with

respect to the First White House Oversight Communications FOIA.

*Second White House Oversight Communications FOIA*

12.     On July 19, 2019, American Oversight submitted a FOIA request to DOJ seeking

the following records:

> All records reflecting communications (including emails, email
> attachments, text messages, messages on messaging platforms (such
> as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp),
> telephone call logs, calendar invitations, calendar entries, meeting
> notices, meeting agendas, informational material, draft legislation,
> talking points, any handwritten or electronic notes taken during any
> oral communications, handwritten or electronic summaries of any
> oral communications, or other materials) between (a) political
> appointees* in the Department of Justice (DOJ) Office of the
> Attorney General, Office of the Deputy Attorney General, and the
> Office of Legislative Affairs and (b) any of the White House
> Counsel staff listed below regarding congressional oversight of the
> executive branch—including both specific congressional oversight
> of specific matters and general policies, concerns, and
> considerations related to congressional oversight of the executive
> branch.

13.     The request listed 16 White House staffers[3] identified based on recent publicly

available information.

14.     American Oversight requested all responsive records from September 1, 2018,

through the date the search is conducted.

15.     By letter dated August 13, 2019, DOJ acknowledged the Second White House

Oversight Communications FOIA and assigned the FOIA tracking number DOJ-2019-005994.

---

[3] The request listed the following individuals: 1) Brittany Biles, 2) Richard Cleary, 3) John
Coghlan, 4) Christopher Cook, 5) Melissa Croslow, 6) Elizabeth Gorman, 7) Chase Harrington,
8) Elizabeth Horning, 9) Mark Lytle, 10) Coreen Mao, 11) Austin Mayron, 12) Brian Miller, 13)
Michael Purpura, 14) Brian Rabbitt, 15) Mackenzie Siebert, and 16) Jeffrey Freeland.

16.     American Oversight has received no further communication from DOJ with respect to the Second White House Oversight Communications FOIA.

*Exhaustion of Administrative Remedies*

17.     As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18.     Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

19.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20.     American Oversight properly requested records within the possession, custody, and control of DOJ.

21.     DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

22.     DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

23.     DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

24. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

25. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26. American Oversight properly requested records within the possession, custody, and control of DOJ.

27. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

28. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

29. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

30. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

31. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## <u>REQUESTED RELIEF</u>

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  September 19, 2019

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723


AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*